JOSE L. PATIÑO, CA Bar No. 149568
   jpatino@foley.com
JUSTIN E. GRAY, CA Bar No. 282452
   jegray@foley.com
FOLEY & LARDNER LLP
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE:  858.847.6700
FACSIMILE:  858.792.6773

KYLE C. REEB, TX Bar No. 24091604
   Kreeb@porterhedges.com
PORTER HEDGES LLP
1000 MAIN STREET, 36TH FLOOR
HOUSTON, TX 77002
TELEPHONE:  713.226.6000
FACSIMILE:  713.226.6225

Attorneys for Defendant
R.W. SMITH & CO.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURANT d/b/a JOHN DURANT PHOTOGRAPHER,<br><br>       Plaintiff,<br><br>   v.<br><br>R. W. SMITH & CO., a California Corporation,<br><br>       Defendant. | Case No. 3:18-cv-01053-DMS-AGS<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Date:    August 24, 2018<br>Time:   1:30 p.m.<br>Place:  Courtroom 13A<br><br>Judge:   Hon. Dana M. Sabraw |

# I.      INTRODUCTION

John Durant's response certifies precisely why his complaint should be dismissed. According to Durant, the only thing one could learn from the image at issue "is just how good, and trendy, and chic, [he] can make a casino appear." (D.I. 15 at 10.) Therefore, R.W. Smith completely transformed the image (resized and in lower resolution) from one that served no other purpose but to show Durant's "photography skills" into a combination of other images, media, and text informing the public about its products, which products (according to Durant) otherwise do not appear in the photo. This transformation in use alone warrants dismissal of Durant's complaint without regard to any other factor. Further, because the discovery which Durant purports to require has absolutely no bearing on this Court's fair use analysis, this matter is ripe for consideration and R.W. Smith's motion should be granted.

# II.     COUNTERSTATEMENT OF FACTS

### A.      Durant Does Not Seek Discovery That Is In Any Way Related To R.W. Smith's Fair Use Defense.

Durant only requested that R.W. Smith disclose the source of the image—no specific names were requested. R.W. Smith advised Durant that the image was given to it in a folder of other images by the architect of the V Lounge, Carrier Johnson. Now Durant claims that he is being deprived of the name of the person who transmitted the image from Carrier Johnson to R.W. Smith.[1] Durant also claims to need discovery into

---

[1] In his Declaration, Steven Cowley claims that he could not properly investigate the assertion that R.W. Smith received the image from Carrier Johnson. (D.I. 15-2 at ¶ 9 (wherein Mr. Cowley claims that without the precise name of the person who transmitted the photo, he was he was left with "***nowhere to start*** to obtain actual confirmation of the representation") (emphasis added)). Yet, Mr. Cowley has the license agreement designating Carrier Johnson's Beth Baumberger as the point of contact in relation to Durant's photos. (D.I. 14-4 at 4; http://www.carrierjohnson.com/employee/). It seems impossible that Mr. Cowley—a Harvard Law graduate—failed to consider reviewing his own client's license agreement for a point of contact at Carrier Johnson. Durant himself acknowledges that liability for unlicensed use under the Carrier Johnson agreement is the second user fee, which is $1,400. (D.I. 15-5 at ¶¶ 5-6.) However, if R.W. Smith were not a "secondary user", but rather an initial licensee—R.W. Smith's total exposure would be even less because, according to Durant: "[i]nitial licensees… are charged much less than secondary users…". (*Id.* at ¶ 8.) In short—Durant has certified that R.W. Smith's exposure in this case is no more than $1,400. Also noteworthy—Mr. Cowley steadfastly maintains that there must be an email or other communication transmitting the photo

whether R.W. Smith manipulated copyright metadata behind the photo. First, Durant makes no allegation in his Complaint that he placed copyright metadata behind the photo. Second, all of this allegedly required discovery is irrelevant to the Court's fair use analysis and, therefore, is not a basis to deny R.W. Smith's motion to dismiss. *Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F. Supp. 3d 898, 904 (E.D. Mo. 2015) ("even if the plaintiff makes this prima facie showing, the defendant may avoid liability by establishing its use of the copyrighted work was authorized by express or implied license and/or fair use.").

### B. Durant Certifies That R.W. Smith's Use Of His Photograph Is Completely Transformative, And Thus Fair Use.

Durant is an architectural photographer. (D.I. 15-5 at ¶¶ 5 and 8; D.I. 15 at 5 ("Plaintiff is a talented and highly-acclaimed architectural photographer...").) At issue here is a "shot of a cross-section of the casino bar." (D.I. 15 at 6.) According to Durant, "[t]he only thing a customer viewing Plaintiff's Copyrighted Work on Defendant's website would learn … is just how good, and trendy, and chic, Plaintiff can make a casino appear." (*Id.* at 10.) In fact, Durant confirms that his photo is truly of no use to R.W. Smith because "[i]t is extremely difficult to identify anything that can be characterized as 'flatware' in that photograph"—flatware being R.W. Smith's business. (*Id.* at 15.) Instead, Durant claims that R.W. Smith displayed the photo deep within its website "in order to attract customers interested by such creative images." (*Id.* at 9-10.)

It is beyond belief that a commercial food service customer would search the Internet for allegedly "creative" architectural photos not depicting flatware—in order to determine where to buy flatware. To wit, R.W. Smith completely transformed the image from one that served no other purpose but to show "just how good, and trendy, and chic, Plaintiff can make a casino appear" (D.I. 15 at 10) into a combination of other images,

---

from Carrier Johnson to R.W. Smith. (D.I. 15-2 at ¶ 9.) The likelihood that such evidence has been retained by R.W. Smith or Carrier Johnson over the duration of the last 12 years is infinitesimal. This issue dates back to 2006. In any event, this is all a sideshow because the true issue is that—regardless of the genesis of the photo—R.W. Smith's use is protected under the doctrine of fair use.

media, and text, informing the public about its products, which otherwise (according to Durant) do not appear in the photo. Therefore, by Durant's own admission, R.W. Smith's use of the resized low resolution copy could only have value to R.W. Smith when completely transformed by the multilayers of information and other photographs displayed with the Durant photo on R.W. Smith's webpage.

## III.   <u>ARGUMENT</u>

The most important factor to R.W. Smith's fair use defense relates to the transformative nature of its use, of which context and purpose is critically important to the Court's consideration. As dictated by the U.S. Supreme Court, "[t]he more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). This rule applies even where the content of the image is not altered, but where it is merely displayed in a different context, perhaps along with other images, and sometimes resized or in a different resolution. In this case, Durant certifies that R.W. Smith's use is so vastly different in character and purpose than his own, that under the standards set forth by the Ninth Circuit, the U.S. Supreme Court, and federal district courts across the country, his Complaint should be dismissed.

For example, in *Kelly v. Arriba Soft Corp.*, the Ninth Circuit found that a website's wholesale reproduction of a photographer's images was transformative and thus triggering protection under 17 U.S.C. § 107 because the unlicensed use of the photos was for a completely different purpose:

> Although Arriba made exact replications of Kelly's images, the thumbnails were much smaller, lower-resolution images that served an entirely different function than Kelly's original images. Kelly's images are artistic works intended to inform and to engage the viewer in an aesthetic experience … Arriba's use of Kelly's images in the thumbnails is unrelated to any aesthetic purpose. Arriba's search engine functions as a tool to

help index and improve access to images on the internet and their related websites … Because Arriba's use is not superseding Kelly's use but, rather, has created a different purpose for the images, Arriba's use is transformative.

336 F.3d 811, 818-819 (9th Cir. 2003).  The court added that a "transformative work is less likely to have an adverse impact on the market of the original than a work that merely supersedes the copyrighted work."  *Id.* at 821.

In *Perfect 10, Inc. v. Amazon.com, Inc.*, the Ninth Circuit held that Google's displaying of thumbnail reductions of adult images in its search results was "highly transformative" and, therefore, fair use.  508 F.3d 1146, 1168 (9th Cir. 2007).  The court reasoned that "[a]lthough an image may have been created originally to serve in an entertainment, aesthetic, or informative function, a search engine transforms the image into a pointer directing a user to a source of information."  *Id.* at 1165.  Here, although Durant apparently created the architectural image to showcase just how good he can make a casino look, R.W. Smith used the image combined with other media and images on a website dedicated to information about its products.

In *Bill Graham Archives v. Dorling Kindersley Ltd.*, the Second Circuit found that reproductions of several Grateful Dead photographs satisfied the fair use defense because the use was in a biographical work about the Grateful Dead, whereas the original images fulfilled a different purpose of artistic expression and promotion of the band.  Although the images were copied in their entirety, the expressive value of the images was diminished by decreasing their size and inserting them into a timeline thus rendering the use transformative and fair.  *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 615 (2d Cir. 2006).  In this case, R.W. Smith resized the image and used a lower resolution version combined with other text, photos, and media.

"[E]ven making an exact copy of a work may be transformative so long as the copy serves a ***different function*** than the original work."  *Perfect 10, Inc.*, 508 F.3d at 1165 (citing *Kelly*, 336 F.3d at 818-19) (emphasis added).  For example, in *Kennedy*, the

4                                          18cv1053

court held that copying of images for use in advertising mockups and presentations constituted fair use.  Kennedy, a professional photographer, sued Gish for infringement arising out of Gish's taking screen captures of his images for use in advertisements. Drawing on support from the Ninth, Second, and First Circuits, the court concluded that use of the exact images in advertising storyboards, PowerPoint presentations, and videos, was sufficiently transformative to qualify as fair use.  *Kennedy*, 143 F. Supp. 3d at 910-11 (quoting *Kelly*, 336 F.3d at 819 ("an exact copy… [is] transformative so long as the copy serves a different function"); citing *Cariou v. Prince*, 714 F.3d 694, 712 (2d Cir. 2013); citing *Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 22–23 (1st Cir. 2000) ("republication of photos taken for a modeling portfolio in a newspaper was transformative because the photos served to inform, as well as entertain.")).

By contrast, when one infringes on a work by using a reproduction in an identical format and for the same purpose as the original creator—the use is not transformative as demonstrated by the holding in *Batesville Services, Inc. v. Funeral Depot, Inc.,* No. 1:02-CV-01011-DFH-TA, 2004 WL 2750253, at *7 (S.D. Ind. Nov. 10, 2004). Batesville was a casket manufacturer that sold caskets.  Funeral Depot copied Batesville's casket advertising photos and placed them on a Funeral Depot website to sell caskets.  Batesville sued Funeral Depot for infringement.  Funeral Depot argued fair use.  The court found against fair use because "Funeral Depot simply copied the images and use[d] them for precisely the same purpose for which plaintiffs originally developed them:  to sell the products that appear in the photographs."  *Id.*  The case before this Court stands in stark contrast to *Batesville,* and presents all the elements of transformation in character, purpose, and function, required to establish fair use.

In this case, the image used by R.W. Smith was resized (made smaller), lower resolution, and combined with other media and images because—as Durant asserts—"it is extremely difficult to identify anything that can be characterized as 'flatware in that photograph.'"  (D.I. 15 at 15.)  In other words, R.W. Smith completely transformed the image from one that served no other purpose but to show "just how good, and trendy,

and chic, Plaintiff can make a casino appear" (*id.* at 10) into a combination of other images, media, and text informing the public about its products which otherwise (according to Durant) do not appear in the photo. Therefore, by Durant's own admission, R.W. Smith's use of the resized low resolution copy could only have value to R.W. Smith when completely transformed by multiple layers of information and other photographs displayed with the Durant photo on R.W. Smith's webpage.

## IV.   CONCLUSION

Durant admits that there is no value to R.W. Smith in the photo because it does nothing more than highlight Durant's photography "skills" without any relation to R.W. Smith or its business. As such, R.W. Smith made significant transformation to the context and purpose by resizing the image, using a different resolution, and adding other photos, text, and media surrounding the image, prior to use. This case presents all the hallmarks of fair use. But even if this Court finds that defense lacking, R.W. Smith acknowledged a willingness to submit to judgment as an innocent user. Ironically, Durant opposes R.W. Smith's alternate willingness to concede liability because he apparently desires to conduct gorilla discovery into names, dates, places, metadata, and to present his evidence to a jury at trial. All this, over a photo that Durant admits he would sell to R.W. Smith as a second user for $1,400, and for even less if R.W. Smith commissioned the original taking of the photo. *See supra*, footnote 1; D.I. 15-5 at ¶¶ 5-6, 8. For all of these reasons, R.W. Smith respectfully requests that this Court make a finding of fair use and dismiss the Complaint, or in the alternative render judgment against R.W. Smith as an innocent user directing this matter to trial on the issue of damages.

Dated:  August 17, 2018                    Respectfully submitted,


                                           */s/ Kyle C. Reeb*
                                           Jose L. Patiño (CA Bar No. 149568)
                                               jpatino@foley.com
                                           Justin E. Gray (CA Bar No. 282452)
                                               jegray@foley.com
                                           FOLEY & LARDNER LLP
                                           3579 Valley Centre Drive, Suite 300
                                           San Diego, CA 92130-3302

                                           Kyle C. Reeb, TX Bar No. 24091604
                                               Kreeb@porterhedges.com
                                           PORTER HEDGES LLP
                                           1000 Main Street, 36th Floor
                                           Houston, TX 77002

                                           Attorneys for Defendant
                                           R.W. SMITH & CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel of record, who are deemed to have consented to electronic service via the court's CM/ECF system per CivLR 5.4(d).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on August 17, 2018.

/s/ Kyle C. Reeb
Kyle C. Reeb

4812-7366-4624